UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

|  |  |
|---|---|
| PHARMERICA DRUG SYSTEMS, LLC D/B/A PHARMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RIVERFRONT ACQUISITION I, LLC D/B/A BAY VUE NURSING AND REHABILITATION CENTER, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. |

## COMPLAINT

Plaintiff, PharMerica Drug Systems, LLC d/b/a PharMerica ("PharMerica"), states as follows for its Complaint against Defendant, Riverfront Acquisition I, LLC d/b/a Bay Vue Nursing and Rehabilitation Center ("Bay Vue"):

### NATURE OF THE ACTION

1. This action arises out of Bay Vue's failure to pay PharMerica for the amounts owing pursuant to the parties' June 1, 2016 Pharmacy Services Agreement (the "PSA"), attached as **Exhibit A**.[1]

2. This action also arises out of Bay Vue's improper termination of the PSA in the middle of a term which outstanding amounts were past due and owing to PharMerica.

---

[1] The PSA contains confidential information, including pricing information, and has been redacted. An unredacted copy can be provided to the Court under seal and Bay Vue upon request and pursuant to confidentiality protections.

3. PharMerica performed all obligations of it under the PSA, including satisfying any and all conditions precedent to payment.

## THE PARTIES

4. PharMerica is a Delaware limited liability company with its principal place of business in Louisville, Kentucky. The sole member of PharMerica is Pharmacy Corporation of America. Thus, for purposes of diversity jurisdiction, PharMerica is a citizen of California and Kentucky. PharMerica provides pharmacy goods and services to skilled nursing facilities "under arrangements," as defined by federal law.

5. Bay Vue is a Florida limited liability company with a principal place of business in Bradenton, Florida. Its members are Steven Gottleib, a resident of Florida, Sarah Gottlieb, a resident of Florida, Herbert Jozefovic, a citizen of New York, and Mark Neuman, a citizen of New York. For federal diversity purposes, Bay Vue is a citizen of Florida and New York. Bay Vue may be served through its registered agent, Steven Gottleib, at 7751 West Broward Blvd., Plantation, Florida 33324. Bay Vue owns and operates a skilled nursing facility located at 105 15th Street East, Bradenton, Florida 34208 (the "Facility").

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

6.       This Court has personal jurisdiction of Bay Vue because Bay Vue is a business entity operating, present, and/or doing business within this jurisdiction, and Bay Vue's conduct occurred within this jurisdiction.

7.       Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Bay Vue operates its business and resides in this judicial district, and the transactions out of which this cause of action arose occurred in this judicial district.

### STATEMENT OF FACTS

### *The PSA*

8.       PharMerica provides pharmacy goods and services to residents of skilled nursing facilities and long-term care facilities.

9.       On or about June 1, 2016, PharMerica and Bay Vue entered into the PSA, whereby PharMerica agreed to provide pharmacy-related goods and services to the residents of the Facility, and Bay Vue agreed to pay for those goods and services.

10.      Under the PSA, Bay Vue specifically represented and warranted that it was entering the contract for PharMerica to be the exclusive pharmacy provider to the residents of the Facility. *See* PSA § 5.

11.      The initial term of the PSA was from June 1, 2016 through December 31, 2016. *See id*. § 2. The PSA automatically renewed for successive two-year terms unless the PSA was properly terminated in accordance with the terms therein. *Id.*

12.      Pursuant to the PSA and PharMerica's performance thereunder, Bay Vue was obligated to pay for the pharmacy goods and services provided by PharMerica within sixty (60) days of the invoice date, *id*. § 6(D)(1), and Bay Vue's failure to do so would

result in eighteen percent (18%) annual interest being charged on all outstanding amounts due. *Id*. § 6(D)(2).

13. Bay Vue also agreed to pay PharMerica's attorneys' fees and costs to the extent it was forced to initiate collection efforts for outstanding amounts owed. *Id*. §§ 6(D)(2) and 16(I).

14. The PSA could only be terminated by providing the other party with written notice of non-renewal not less than sixty (60) days prior to the expiration of any renewal term, and the termination would only be effective on the last day of the then effective term. *Id.* § 7(A). If the party desiring termination did not comply with the notice and timing requirements, the PSA would automatically renew for another successive two-year term. *Id.*

15. Even if the notice was otherwise in accordance with the requirements for termination of the PSA as set out in Section 7, any notice of termination issued by Bay Vue while outstanding amounts were due and owing was void, *id.* § 7(D), and Bay Vue could not terminate the PSA unless it paid all amounts owed to PharMerica prior to termination. *Id.* § 6(D)(4).

16. Bay Vue is not excused from payment of any amounts owed to PharMerica upon termination of the PSA. *Id.* § 6(D)(5).

17. Upon notice of termination of the PSA, all outstanding invoices became due thirty (30) days after the invoice date. *Id*. § 7(C).

18. Kentucky law governs this dispute pursuant to § 16(J) of the PSA.

### Bay Vue's Uncured Defaults under the PSA

19. On September 14, 2020, Bay Vue sent PharMerica correspondence stating that Bay Vue was terminating the PSA effective on December 30, 2020 ("Termination Notice"), attached as **Exhibit B**.

20. On September 14, 2020, there were significant past due amounts owed by Bay Vue to PharMerica under the PSA.

21. On December 30, 2020, Bay Vue discontinued ordering pharmaceutical goods and services from PharMerica ("Termination").

22. On December 30, 2020 there were significant past due amounts owed by Bay Vue to PharMerica under the PSA.

23. Bay Vue's Termination Notice and Termination were in violation of Sections 6 and 7 of the PSA, which state that Bay Vue cannot provide notice of termination of the PSA or subsequently terminate the PSA when outstanding amounts were owed under the PSA.

24. Bay Vue's Termination Notice and Termination were also in violation of Section 7(A) of the PSA because any notice of non-renewal and termination would only be effective on the last day of the then effective term, which would have been December 31, 2022.

25. Bay Vue's Termination Notice rendered all of Bay Vue's outstanding invoices due within thirty (30) days of the invoice date.

26. As of the date of this Complaint, all amounts owed by Bay Vue are past due.

27. PharMerica has incurred attorneys' fees and other costs in preparing and filing this action, all of which are the responsibility of Bay Vue. PharMerica is likely to incur substantial additional attorneys' fees as this case is litigated and prepared for trial, which also shall be the responsibility of Bay Vue.

28. At all relevant times, Bay Vue held the Medicare provider number for the Facility.

29. Upon information and believe, Bay Vue has been reimbursed by Medicare for all or a significant portion of the goods and services provided by PharMerica, and Bay Vue have directly or indirectly benefited from such reimbursement to the detriment of PharMerica.

30. Upon information and belief, Bay Vue has reported PharMerica's invoice charges as valid expenses to Medicare on Bay Vue's annual cost reports.

31. Upon information and belief, Bay Vue has reported invoice charges as valid expenses to the Internal Revenue Service for the purpose of reducing the amount of adjusted gross income on which Bay Vue and/or its owners must pay taxes. As a result, Bay Vue and/or its owners have or will pay lower taxes than they otherwise would have had to pay.

32. All conditions precedent to the bringing of this action have either occurred, been satisfied, or have otherwise been waived.

33. PharMerica has retained Phelps Dunbar LLP and Fultz Maddox Dickens PLC to enforce its rights under the PSA and has agreed to pay them a reasonable fee for their services.

## COUNT I – BREACH OF CONTRACT AGAINST BAY VUE
### (FAILURE TO PAY)

34. PharMerica incorporates by reference the allegations in paragraphs 1 through 33 set forth above.

35. PharMerica entered into the PSA with Bay Vue, which provides that Bay Vue is obligated to pay invoices for goods and services provided by PharMerica within sixty (60) days of the invoice date.

36. The PSA also provides that Bay Vue is obligated to pay invoices for goods and services provided by PharMerica within thirty (30) days of the invoice date upon notice of termination of the PSA.

37. The PSA is a valid and enforceable contract.

38. PharMerica performed all of its obligations under the PSA, including submitting monthly invoices, and otherwise satisfied all conditions precedent to payment by Bay Vue.

39. Without legal justification or cause, Bay Vue materially breached the PSA by failing to pay PharMerica sums due and owing for amounts invoiced after sixty (60) days when those sums were due.

40. As a direct and proximate cause of Bay Vue's breach of the PSA by its failure to pay PharMerica, PharMerica has suffered damages, including but not limited to amounts due and owing, as set for in its invoices, interest, and reasonable attorneys' fees and costs, in excess of $257,638.76.

41. Interest is accruing on the unpaid balance pursuant to the terms of the PSA in the amount of eighteen (18%) percent from the date of each invoice until paid in full. A calculation of the principal amount and interest currently owing by Bay Vue thru the filing of this Complaint is attached as **Exhibit C**.

### COUNT II – BREACH OF CONTRACT AGAINST BAY VUE
### (IMPROPER TERMINATION OF THE PSA)

42. Except to the extent inconsistent with the relief requested in this Count, PharMerica incorporates by reference all allegations set forth in paragraphs 1 through 33 above.

43. Bay Vue entered into the PSA with PharMerica.

44. The PSA is a valid and enforceable contract.

45. PharMerica performed all conditions, covenants, and promises on its part to be performed under the PSA.

46. Without legal justification or excuse, Bay Vue materially breached the PSA by purporting to terminate the PSA while amounts were due and owing to PharMerica under the PSA.

47. Without legal justification or excuse, Bay Vue materially breached the PSA by terminating as of December 30, 2020 prior to the end of the then-current termination date of December 31, 2022, discontinuing ordering pharmacy goods and services from PharMerica, and utilizing another pharmacy provider while amounts were due and owing to PharMerica under the PSA.

48. As a direct and proximate result of Bay Vue's breaches of the PSA, PharMerica has suffered damages, including, but not limited to, 24 months of lost profits totaling $757,308.

**COUNT III – UNJUST ENRICHMENT/CONSTRUCTIVE TRUST AGAINST BAY VUE**

49. Except to the extent inconsistent with the relief requested in this County, PharMerica incorporates by reference the allegations set forth in paragraphs 1 through 33 above.

50. PharMerica has conferred a benefit on Bay Vue at PharMerica's expense by providing it with valuable pharmaceutical goods and services delivered to residents and patients of the skilled nursing facility owned and operated by Bay Vue.

51. Bay Vue voluntarily received, appreciated, accepted and retained the benefits of PharMerica's services.

52. Bay Vue has not paid PharMerica for those pharmaceutical goods and services.

53. By accepting the benefit of PharMerica's goods and services, Bay Vue should have known that PharMerica would expect to be compensated for such goods and services.

54. Bay Vue wrongfully and intentionally withheld payment from PharMerica for the goods and services PharMerica provided.

55. Allowing Bay Vue to accept the benefits of PharMerica's pharmaceutical goods and services without payment of the value thereof is inequitable. Consequently, Bay Vue has been unjustly enriched at the expense of PharMerica.

9

56. Furthermore, Bay Vue has knowingly and willfully received, or will receive, reimbursement from Medicare, directly or indirectly, for the goods and services provided by PharMerica, and has wrongfully and intentionally withheld or will withhold such amounts from PharMerica.

57. Bay Vue has a legal and fiduciary duty to immediately remit proceeds received in reimbursement from Medicare to PharMerica if it has not timely paid invoices as required by the PSA.

58. It is against equity and good conscience to permit Bay Vue to retain the Medicare reimbursements without paying for pharmaceutical goods and services provided by PharMerica for which reimbursements were made.

59. For these reasons, a constructive trust should be imposed on any and all proceeds which have been, or hereafter are, received by Bay Vue as reimbursement by Medicare for goods and services provided by PharMerica, plus interest, costs, and attorneys' fees.

### BREACH OF CONTRACT AGAINST BAY VUE
### (ATTORNEYS' FEES)

60. Except to the extent inconsistent with the relief in this count, PharMerica incorporates by reference all allegations set forth in paragraphs 1 through 33 above.

61. Pursuant to the PSA, Bay Vue agreed to pay PharMerica its costs, including attorneys' fees, incurred in connection with collecting payment from Bay Vue.

62. Bay Vue has failed to fulfill its obligations under the PSA to pay PharMerica what it is owed through the current PSA term. PharMerica has incurred attorneys' fees

and other costs in connection with its efforts to collect payment under the PSA, which are the responsibility of Bay Vue.  PharMerica is likely to incur substantial additional attorneys' fees and costs as this case is litigated, which shall also be the responsibility of Bay Vue.

### PRAYER FOR RELIEF

WHEREFORE, PharMerica requests judgment against Bay Vue as follows:

A. An award of compensatory damages against Bay Vue in an amount to be proven at trial;

B. The imposition of a constructive trust on sums received by Bay Vue as Medicare reimbursement for pharmacy goods and services provided by PharMerica and not paid for by Bay Vue;

C. PharMerica's attorneys' fees, expenses and costs associated with its collection of amounts owed to it by Bay Vue;

D. Prejudgment and post-judgment interest; and

E. All other relief to which PharMerica may be entitled.

Respectfully submitted,

 /s/ *Seth M. Schimmel*
Seth M. Schimmel
Florida Bar No. 986781
PHELPS DUNBAR LLP
100 South Ashley Drive
Suite 2000
Tampa, Florida 33602
Telephone: (813) 472-7550

Facsimile: (813) 472-7570
schimmes@phelps.com

-and-

Jennifer Metzger Stinnett (to seek admission *pro hac vice*)
FULTZ MADDOX DICKENS PLC
101 South Fifth Street, 27th Floor
Louisville, Kentucky 40202
Telephone: (502) 588-2000
Facsimile: (502) 588-2020
jstinnett@fmdlegal.com

*Counsel for Plaintiff*